UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

KELCO CONSTRUCTION, INC. d/b/a
BELCO PIPE RESTORATION,

                      Plaintiff,

SPRAY IN PLACE SOLUTIONS, LLC,
JEFFREY SAUSELE, DAVID BARNETT, and
DTB RGK CONSULTING, LLC CORP.

                      Defendants.
----------------------------------------------------------X

Docket No.

**VERIFIED COMPLAINT**

Plaintiff KELCO CONSTRUCTION, INC. d/b/a BELCO PIPE RESTORATION, by their undersigned counsel, as and for a verified Complaint, state as follows:

**INTRODUCTION**

1. This is an action under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, the Racketeer Influenced Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1961(a), *et seq.*, and New York State law for unfair competition, conversion, misappropriation of trade secrets, breach of fiduciary duty, defamation, and tortuous interference with contract, business relations, and prospective economic advantage.

2. The individual Defendants are Plaintiff's former project manager and director of business development who were tasked with implementing a joint venture with a third-party, Utility Service Co., Inc. ("USCI"), pursuant to a written Memorandum of Understanding ("2016 MOU") related to Plaintiff's proprietary spray in place pipe restoration process. Instead, Defendants started a competing company, claimed to have acquired Plainitff, misappropriated Plaintiff's tools, equipment, trade secrets, proprietary processes, client and supplier information, pricing information; website content, and marketing material -- in effect masquerading as Plaintiff

-- so as to reap the benefits of the joint venture for themselves. Subject to further discovery, Plaintiff are currently aware of at least two contracts, totaling $1,399,000, that Defendants obtained by fraudulently claiming entitlement to Plaintiff's rights under the 2016 MOU with USCI.

## JURISDICTION

3. This Court has federal question jurisdiction over the within action pursuant to 28 U.S.C. § 1331, as the matter arises under the Lanham Act, 15 U.S.C. § 1051, *et seq.* and Civil RICO, 18 U.S.C. § 1961(a). This Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 based upon Defendants' residence.

## PARTIES

5. Plaintiff, Kelco Construction, Inc., doing business as Belco Pipe Restoration ("Belco"), is a domestic business corporation organized under and existing by virtue of the laws of the State of New York, with its principal place of business located in the State of New York, County of Suffolk.

6. Defendant SPRAY IN PLACE SOLUTIONS, LLC ("SIPS") is a foreign limited liability company, organized under and existing by virtue of the laws of the State of Florida, with its principal place of business located in the State of New York, County of Suffolk.

7. Defendant Jeffrey Sausele ("Sausele") is a resident of the State of New York, County of Suffolk.

8. Upon information and belief, Defendant David Barnett ("Barnett") is a resident of the State of Florida, County of Miami-Dade.

9. Defendant DTB RGK CONSULTING, LLC is a foreign limited liability company, organized under and existing by virtue of the laws of the State of Florida.

**FACTS COMMON TO ALL CAUSES OF ACTION**

10. Belco is a leading provider of spray in place pipe restorations services, which involves using proprietary processes to clean and add a protective coating to piping and, in particular, municipal water pipes.

11. Spray in place pipe restoration offers substantial benefits over traditional open-trench excavation and restoration processes, including lower cost and faster return to service.

12. Defendant Sausele was formerly employed by Belco as a project manager.

13. Through his employment with Belco, Defendant Sausele had access to trade secrets and other confidential and proprietary information, including but not limited to the materials, processes and techniques used in the spray in place pipe restoration process.

14. Plaintiff provided Sausele with extensive training, including, among other things, all technical and operational aspects of the spray in place restoration process; equipment operation, maintenance and calibration; the identity and operation of software programs utilized in the process; material supplier information; customer information; and pricing information.

15. Defendant David Barnett and/or his business entity, DTB RGK CONSULTING, LLC, was formerly an independent contractor hired by Belco as its director of business development.

16. Through his relationship with Belco, Defendant Barnett had access to trade secrets and confidential and proprietary information, including but not limited to technical know-how, direct access to USCI, customer lists, prospective customer lists, business development strategies,

business negotiations, business operations, supplier information, bidding and pricing strategies, and details regarding Belco's spray in place pipe restoration process.

17. In or around 2016, Belco began negotiating a transaction with USCI, and its affiliated "SUEZ" group of companies, wherein USCI would become the exclusive entity through which Belco would bid for and negotiate municipal contracts for pipe restoration throughout the United States (except for New York, New Jersey, and Connecticut), and Belco would become USCI's exclusive supplier and/or subcontractor for spray in place pipe restoration.

18. Defendants Barnett and Sausele were directly involved with Belco's negotiations with USCI.

19. In or around 2017, Defendant Barnett made approximately $34,000 in unauthorized personal expenditures on a Belco company credit card.

20. On or about September 27, 2016, USCI and Belco executed a Memorandum of Understanding ("2016 MOU"), memorializing their arrangement for a period of at least one year, continuing through at least September 27, 2017.

21. The 2016 MOU was executed by Defendant Barnett, on behalf of Belco, identifying his title as "Director of Business Development."

22. In or around February 2017, Defendant Sausele terminated his employment with Belco.

23. In or around February 2017, Defendant Barnett terminated his and/or DTB RGK CONSULTING, LLC's business relationship with Belco.

24. In or around February 2017, Defendants misappropriated approximately $150,000 in tools and equipment from Plaintiff.

25. Upon information and belief, in or around early 2017, Defendants falsely claimed to USCI that they had acquired Belco.

26. On March 5, 2017, Defendants purchased the domain name "sprayinplace.com."

27. At some point on or after March 5, 2017, Defendants substantially copied Plaintiff Belco's website in all material respects to their sprayinplace.com domain, except to replace Belco's name, logo, and contact information with their own.

28. Among other things, Defendants copied the majority of Belco's website's text verbatim, and copied the photographs and text from Belco's "Projects" page, claiming that Belco's projects – including, for example, JFK Airport, the World Trade Center, and the Air and Space Museum in Washington D.C. – were performed by SIPS.

29. Upon information and belief, Defendants have copied text and diagrams from Belco's promotional literature and used said material for promotional purposes.

30. On March 7, 2017, Defendants Sausele and Barnett filed Articles of Organization with the State of Florida forming Spray in Place Solutions, LLC.

31. In or around May 2017, Defendants voluntarily returned approximately $90,000 worth of the approximately $150,000 in tools and equiptment they had misappropriated from Plaintiff.

32. On or about June 21, 2017, Defendants Sausele and Barnett filed a certificate with the New York Department of State as a foreign business entity doing business in the State of New York.

33. Throughout 2017, and continuing to date, Defendants have obtained numerous municipal and other contracts, through USCI and otherwise, through intentional, deceptive and knowing misrepresentations, including:

a. Claiming to have acquired Belco;

b. Claiming to be the successor to Belco's rights under the 2016 MOU with USCI;

c. Claiming that Belco no longer existed or operated as an independent entity;

d. Claiming to be the only contractor in North America that provides spray in place pipe restoration; and

e. Claiming that they hold a patent for the spray in place pipe restoration process.

34. In or around July 2017, USCI obtained a Public Works Agreement with the City of Fort Lupton, Colorado, in the amount of $699,131, to which the 2016 MOU applied.

35. USCI's contract with the City of Fort Lupton, Colorado, was obtained on a no-bid basis due to, among other things, a misrepresentation that Defendants were the only entity in North America that provides spray in place pipe restoration.

36. Defendants misappropriated Plaintiff rights under the 2016 MOU with respect to USCI's contract with the City of Fort Lupton, Colorado.

37. Beginning in or around 2017, USCI negotiated a contract with the City of Wyandotte, Michigan, which was subject to the terms and conditions of the 2016 MOU.

38. USCI's contract with the City of Wyandotte, Michigan, was approved on or about May 21, 2018, in the amount of $700,000.

39. USCI's contract with the City of Wyandotte, Michigan, was obtained on a no-bid basis due to, among other things, a misrepresentation that Defendants were "the sole source provider" for "spray in place lining of water mains."

40. Defendants misappropriated Plaintiff rights under the 2016 MOU with respect to USCI's contract with the City of Wyandotte, Michigan.

41. Upon information and belief, Defendants obtained, by misappropriating Plaintiff's rights under the 2016 MOU with USCI, other municipal contracts and sub-contracts, the nature and value of which are known to Defendants.

42. In or around August 2017, Defendants gave a presentation at the Wisconsin Rural Water Association that, in sum and substance, misappropriated and copied Belco's marketing and sales presentations.

43. In or around August 2017, Defendants gave a presentation at the Wisconsin Rural Water Association, falsely claiming that Belco's proprietary processes, know-how, labors, skill, expenditures, and/or good will belonged to Defendants.

44. In or around August 2017, Defendants gave a presentation at the Wisconsin Rural Water Association wherein Defendants masqueraded as Belco and/or the successor-in-interest to Belco's business.

45. In or around August 2017, Defendants gave a presentation at the Wisconsin Rural Water Association wherein Defendants utilized photographs from Belco's prior projects and falsely claimed that said photographs were examples of their own work.

46. In or around August 2017, Defendants gave a presentation at the Wisconsin Rural Water Association wherein Defendants falsely claimed to have seventeen years of experience with spray in place pipe restoration, misrepresenting Belco and its affiliates' prior experience and history as their own.

47. Upon information and belief, Defendants have given various presentations at trade and industry events where, among other things, they falsely claimed Belco was no longer an operating entity, falsely claimed to have exclusive rights to Belco's proprietary processes, utilized Belco's photographs of prior projects and misrepresented such work as their own, utilized Belco's

promotional material and misrepresented that material as their own, and discussed and referenced Belco's experience and accomplishments and misrepresented same as their own.

48. On December 14, 2017, Defendant Barnett published via YouTube and via www.sprayinplace.com a promotional video that substantially duplicates, with only minor changes, a promotional video that Plaintiff and/or one of its affiliates developed and published on or about June 18, 2012.

49. Upon information and belief, Defendants importuned Warren Environmental to cease supplying products to Plaintiff.

50. Upon information and belief, Defendants provided financial incentives to Warren Environmental, Inc. in exchange for Warren Environmental, Inc. agreeing to cease supplying products to Plaintiff.

51. In or around April 2018, Warren Environmental, Inc. ceased supplying products to Belco.

**CAUSES OF ACTION**

I. **AS AND FOR A FIRST CAUSE OF ACTION FOR UNFAIR COMPETITION UNDER THE LANHAM ACT 15 U.S.C. § 1051,** *et seq.***, INCLUDING 15 U.S.C. §§ 1117 AND 1125.**

52. Plaintiff repeat, reallege, and reiterate each and every allegation hereinabove as if fully set forth herein.

53. Defendants have and continue to use in commerce a word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, association, origin, sponsorship or approval of Defendants with and/or by Plaintiff.

54. Defendants have and continue to use in commerce a word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which in commercial advertising or promotion misrepresents the nature, characteristics, qualities, or geographic origin of Defendant's goods, services, or commercial activities.

55. Specifically, Defendants have falsely claimed:

   i. That they had acquired Plaintiff's business;

   ii. That they have exclusive right to Plaintiff's proprietary processes and trade secrets; and

   iii. That Plaintiff's work product, including photographs and descriptions of prior projects, was their own.

56. Defendants' violations were willful.

57. As a direct and proximate result of Defendants' conduct, Plaintiff have suffered damages.

58. Plaintiff are entitled to injunctive relief, disgorgement of profits, recovery of actual damages, treble damages, costs, attorneys' fees, and all other remedies permissible at law or equity, including but not limited to as provided for in 15 USC § 1117.

## II. AS AND FOR A SECOND CAUSE OF ACTION FOR CIVIL RICO UNDER 18 U.S.C. § 1962(A)

59. Plaintiff repeat, reallege, and reiterate each and every allegation hereinabove as if fully set forth herein.

60. SIPS is an enterprise engaged in or affecting interstate commerce.

61. Defendants Sausele and Barnett, and each of them, engaged in a pattern of racketeering activity, including at least two or more violations of 18 U.S.C. § 1832 by, with intent to convert a trade secret related to a product or service used in interstate or foreign commerce, and

intending or knowing that the offense will injure any owner of that trade secret, knowingly stole or misappropriated a trade secret, and/or without authorization copied, duplicated, downloaded, uploaded, or otherwise replicated, trade secret information.

62. Specifically, among other things, Defendants:

   i. Misappropriated Plaintiff's proprietary processes;

   ii. Upon information and belief, copied documents and information related to Plaintiff's proprietary processes;

   iii. Misappropriated and/or converted Plaintiff's joint venture arrangement with USCI;

   iv. Misappropriated Plaintiff's customer information;

   v. Misappropriated Plaintiff's vendor information.

63. Upon information and belief, in violation 18 U.S.C. § 1341, Defendants, and each of them, transmitted documents and things in connection through the U.S. Postal Service and/or one or more private commercial interstate carriers or parcel service(s) in furtherance of their fraudulent schemes described herein.

64. Upon information and belief, in violation of 18 U.S.C. § 1343, Defendants, and each of them, transmitted writings, signs, signals, pictures or sounds by means of wire, including but not limited to telephone, email, and/or facsimile, in furtherance of their fraudulent schemes described herein.

65. In violation of 18 U.S.C. 1962(a), Defendants, and each of them, utilized income derived from the aforementioned pattern of racketeering activity to acquire, establish, and or operate SIPS.

66. As a direct and proximate result of Defendants' racketeering activity, Plaintiff have been damaged.

67. Pursuant to 18 U.S.C. 1964(a), Plaintiff are entitled to injunctive relief, which may include ordering defendants to divest themselves of any interest, direct or indirect, in SIPS; imposing reasonable restrictions on Defendants' future activities or investments, including, but not limited to, prohibiting any person from engaging in the same type of endeavor as SIPS engaged in, the activities of which affect interstate or foreign commerce; or ordering dissolution or reorganization of SIPS, making due provision for the rights of innocent persons.

68. Pursuant to 18 U.S.C. § 1964(c), Plaintiff are entitled to treble damages, costs, and attorney's fees, in an amount to be determined at trial.

### III. AS AND FOR A THIRD CAUSE OF ACTION FOR COMMON LAW UNFAIR COMPETITION

69. Plaintiff repeat, reallege, and reiterate each and every allegation hereinabove as if fully set forth herein.

70. Defendants exploited proprietary information and trade secrets acquired during their employment and/or other confidential relationship with Plaintiff.

71. Defendants misappropriated commercial advantages and/or business opportunities from Plaintiff.

72. Defendants misappropriated and/or claimed as their own Plaintiff's labors, skill, expenditures and/or good will.

73. Defendants have attempted to and have improperly derived profit from the reputation, name, skill, and expenditures of Plaintiff.

74. Defendants engaged in the aforementioned conduct knowingly, purposefully and/or in bad faith.

75. As a direct and proximate result of Defendants' unfair competition with Plaintiff, Defendants have been unjustly enriched, and/or Plaintiff have suffered damages.

## IV. AS AND FOR A FOURTH CAUSE OF ACTION FOR MISAPPROPRIATION OF TRADE SECRETS

76. Plaintiff repeat, reallege, and reiterate each and every allegation hereinabove as if fully set forth herein.

77. Plaintiff possess trade secrets, including but not limited to:

   i. Proprietary processes and methodology used in spray in place pipe restoration;

   ii. Customer information;

   iii. Supplier information; and

   iv. The terms of the joint venture with USCI as detailed in the 2016 MOU.

78. Defendants misappropriated the aforementioned trade secrets.

79. Defendants improperly utilized the aforementioned trade secrets in the breach of an agreement, confidence or duty.

80. As a direct and proximate result of Defendants misappropriated Plaintiff's trade secrets, Plaintiff have suffered damages.

## V. AS AND FOR A FIFTH CAUSE OF ACTION FOR CONVERSION

81. Plaintiff repeat, reallege, and reiterate each and every allegation hereinabove as if fully set forth herein.

82. Plaintiff had superior legal right to possession to the approximately $250,000 in tools and equipment that were misappropriated by Defendants.

83. Plaintiff have superior right to the content of their website, which has been misappropriated by Defendants.

84. Plaintiff have superior legal right to the photographs contained on their website, which has been misappropriated by Defendants.

85. Plaintiff had superior legal rights to their contractual rights under the 2016 MOU, which were misappropriated by Defendants.

## VI. AS AND FOR A SIXTH CAUSE OF ACTION FOR BREACH OF FIDUCIARY DUTY

86. Plaintiff repeat, reallege, and reiterate each and every allegation hereinabove as if fully set forth herein.

87. Defendants, and each of them, had relationships with Plaintiff of trust and confidence and/or otherwise giving rise to fiduciary duties.

88. Defendants, and each of them, owed Plaintiff duties of good faith, loyalty and candor.

89. Defendants, and each of them, breached their fiduciary duties to Plaintiff by, among other things: misappropriating Plaintiff business opportunities, property, and trade secrets; failing to disclose conflicting business relationships and/or the establishment of a competing company; and making materially false statements to the detriment of Plaintiff, including but not limited to Defendants' intentional, deceptive, and wholly false misrepresentation that had acquired Belco's business and Belco no longer operated as a separate entity.

90. As a direct and proximate result of Defendants' breach of fiduciary duty, Plaintiff have suffered damages.

## VII. AS AND FOR A SEVENTH CAUSE OF ACTION FOR DEFAMATION

91. Plaintiff repeat, reallege, and reiterate each and every allegation hereinabove as if fully set forth herein.

92. Defendants have made material factual statements that are false.

93. Defendants' false statements include, but are not limited to:

    i. That Defendants had acquired Belco's business;

    ii. That Belco no longer operated as an independent entity;

    iii. That Defendants had exclusive rights to Belco's proprietary processes; and

    iv. That Defendants were the sole entity in North America providing spray in place pipe restoration.

94. Upon information and belief, Defendants made the aforementioned misrepresentations during the third quarter of 2016 and throughout 2017, including but not limited to in discussions with USCI; at a presentation before the Wisconsin Rural Water Association in August 2017; and in connection with discussions related to contracts with the City of Fort Lupton, Colorado, and the City of Wyandotte, Michigan.

95. Defendants made the aforementioned statements with knowledge of their falsity or in reckless disregard for the truth thereof.

96. Defendants made the aforementioned statements without privilege or authorization.

97. As a direct and proximate result of Defendants' false statements, Plaintiff have suffered damages.

98. Plaintiff damages include, but are not limited to, lost profits related to the USCI joint venture, including profits that would have otherwise been derived from contracts with the City of Fort Lupton, Colorado, and the City of Wyandotte, Michigan, and others whose identity are presently known to Defendants.

### VIII. AS AND FOR AN EIGHTH CAUSE OF ACTION FOR TORTUOUS INTERFERENCE WITH CONTRACT

99. Plaintiff repeat, reallege, and reiterate each and every allegation hereinabove as if fully set forth herein.

100. The 2016 MOU constituted a valid contract between Plaintiff Belco and a third party.

101. Defendants were aware of the 2016 MOU and its contents.

102. Defendants intentionally and improperly procured the breach of the 2016 MOU.

103. As a direct and proximate result of Defendants' procuring the breach of the 2016 MOU, Plaintiff have suffered damages.

### IX. AS AND FOR A NINTH CAUSE OF ACTION FOR TORTUOUS INTERFERENCE WITH BUSINESS RELATIONS

104. Plaintiff repeats, reallege, and reiterate each and every allegation hereinabove as if fully set forth herein.

105. Plaintiff had an ongoing business relationship with USCI that anticipated a further extension of contractual relations as indicated in the 2016 MOU.

106. Defendants intentionally and through deceptive practices and wrongful acts, including but not limited to claiming to have acquired Belco's business and claiming that Belco no longer operated as an independent business, prevented USCI from extending further contractual relations with Plaintiff as contemplated in the 2016 MOU.

107. Plaintiff had an ongoing business relationship with Warren Environmental, Inc. through which Plaintiff anticipated a further extension of contractual relations.

108. Defendants intentionally and through deceptive and wrongful acts prevented Warren Environmental, Inc. from extending further contractual relations with Plaintiff

109. As a direct and proximate result of Defendants' tortuous interference with Plaintiff's business relations, Plaintiff have suffered damages.

### X. AS AND FOR A TENTH CAUSE OF ACTION FOR TORTUOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

110. Plaintiff repeats, reallege, and reiterate each and every allegation hereinabove as if fully set forth herein.

111. Defendants' have engaged culpable conduct that constitutes a crime or independent tort or which is otherwise sufficient to give rise to a cause of action for tortuous interference with prospective economic advantage.

112. Plaintiff had prospective business relationships with USCI, and with each of the municipalities that would have engaged Plaintiff, through USCI, for spray in place pipe restoration.

113. Plaintiff were, in whole or in part, prevented from engaging in further economic relations with USCI due to Defendants' wrongful conduct.

114. Plaintiff were prevented from directly bidding on municipal pipe restoration work through reliance upon 2016 MOU.

115. As a direct and proximate result of Defendants tortuous interference with prospective economic advantage, Defendants have suffered damages.

[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

**CONCLUSION**

WHEREFORE, Plaintiff demand Judgment against Defendants, and each of them, jointly and severally, in an amount that will fully and fairly compensate them for the damages they have suffered; treble damages, costs, and attorneys' fees on Plaintiff's First and Second Causes of Action; statutory damages on Plaintiff's First and Second Causes of Action; disgorgement of Defendants' unlawfully obtained profits; punitive damages; and injunctive relief which may include corrective advertising or other measures and a prohibition against or restriction of Defendants continuing to engage in the business of spray in place pipe restoration; together with costs, disbursements, and such other and further relief in Plaintiff favor as is deemed just, equitable, and proper.

Dated: October 22, 2017

Respectfully submitted,

QUATELA CHIMERI PLLC

By: _____
Joseph A. Quatela, Esq.

_____
Scott J. Kreppein, Esq.

888 Veterans Memorial Hwy, Ste 530
Hauppauge, New York 11788
Phone: (631) 482-9700
Fax: (631) 482-9707
JAQ@QClaw.com